UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.: 3:14-bk-04797
Chapter 13

In re:
Debra Pelagio Neitzel,
        Debtor.
_____/

# CHAPTER 13 PLAN

The Debtors submit the following Chapter 13 Plan:

1. The future earnings of the Debtors are submitted to the control and supervision of the Trustee, and the Debtors shall pay to the Trustee the sum of $947.10 for a period of sixty (60) months.

2. From the payments so received, the Trustee shall make disbursements as follows:

    a. **PRIORITY CLAIMS**

        i. The fees and expenses of the Trustee shall be paid over the life of the Plan at the rate of ten percent (10%) of the amount of all payments under the Plan.

        ii. **The DeVries Law Firm, P.A.** is owed the sum of $1,960.00 for representing the Debtor in this bankruptcy case. The Trustee shall pay this creditor the sum of $1,960.00 with monthly payments in the amount of $100.00 per month for months one through nineteen (1 – 19) and $60.00 in month twenty (20) to pay the balance in full.

        iii. **The DeVries Law Firm, P.A.** shall be paid an administrative fee totaling $1,500.00 with monthly payments in the amount of $25.00 per month for a period of sixty (60) months.

    b. **SECURED CLAIMS**

    i. Quicken Loans holds a first mortgage on the Debtors' homestead property located at 12340 Brighton Bay Trail North, Jacksonville, Florida 32246.  Pursuant to 11 U.S.C. Section 1325(a)(5)(C), the Debtor shall surrender the collateral to this creditor in full satisfaction of its claim.

    ii. **CREDIT ACCEPTANCE CORPORATION** has a purchase money security interest in a 2014 Honda Accord and is owed $39,015.00.  The Trustee shall pay this creditor the sum of $10,529.00 at the rate of five and one-quarter perfect (5.25%) per annum simple interest with level monthly payments in the amount of $727.36 over the life of the plan for a total payment of $43,641.60 to pay this debt in full.

  c. **UNSECURED CLAIMS**

  i. Any claims filed after the deadline for filing proofs of claim shall receive no distribution under this Plan unless specifically provided for above.  Unsecured creditors, including those secured creditors who have deficiency claims who whose liens have been voided, who timely file claims shall receive no distribution, excluding any federal income tax returns retained by the Trustee.

 3. **EXECUTORY CONTRACTS**.  The Debtor does not reject any executory contracts.

 4. **VESTING**.  Title to all property of the estate shall revest in the Debtors upon confirmation of this Plan.

 5. **RETENTION OF LIEN**.  Secured creditors shall retain their liens until the allowed secured claim is paid in full.

 6. **LATE FEES, ATTORNEYS' FEES, INTEREST & COSTS**.  No Creditor shall be entitled to any late fees, attorneys' fees, other costs or interest other than the interest

contained in the payments provided for by the plan during this bankruptcy, including the life of this Plan, except as ordered by this Court.  Upon successful completion of the Plan, the Debtors' mortgage balance shall be deemed current as a matter of law.

7.  *Except as provided for in the plan, the order confirming the plan or other court order, no interest, late charges, penalties or attorney's fees will be paid or accessible by any secured creditor. 11U.S.C. Section 1327(a) provides:*

*" The provisions of a confirmed plan bind the debtors and each creditor, whether or not the claim of such creditor provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."*

*Confirmation of the plan shall impose an affirmative duty of the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtors to do all of the following:*

*(1.) To apply the payments received from the trustee on the prepetition arrearages, if any, only to such arrearages. For purposes of this plan, the "prepetition" arrears shall include all sums included in the "allowed" proof of claim and shall have a zero balance upon the entry of the Discharge Order in this case.*

*(2.) To deem the prepetition arrearages as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the prepetition default of defaults.*

*(3.) To apply the direct post-petition monthly mortgage payments paid by the trustee or by the Debtors to the month in which each payment was designated to be made under the plan or directly by the Debtors, whether or not such payments are immediately applied by*

*the creditor to the outstanding loan balance or are placed into some type of suspense ,forbearance, or similar account.*

*ANY POST PETITION COSTS OR EXPENSES INCURRED BY OR ON BEHALF OF ANY SECURED CREDITOR WILL BE DISCHARGED UPON COMPLETION OF THE DEBTOR'S PLAN, UNLESS SPECIFICALLY PROVIDED FOR IN THE CONFIRMATION ORDER, OR BY FURTHER ORDER OF THE COURT ON MOTION FILED PRIOR TO THE COMPLETION OF THE PLAN.*

**DATED** this 30th day of September 2014.

**The DeVries Law Firm, P.A.**

/s/ *Erin S. Baggett*
Erin S. Baggett
Attorney for the Debtors
Florida Bar Number 102965
1540 Monument Road
Suite 4
Jacksonville, Florida 32225
Phone: (904) 348-0030
Facsimile: (904) 517-8060
E-mail: erin@devrieslegal.com